UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X     Docket No.:
PAULA HENRY,

                                              Plaintiff,          **COMPLAINT**

                        -against-
                                                                 **PLAINTIFF DEMANDS**
THE CITY OF NEW YORK, CORRECTION DEPUTY           **A TRIAL BY JURY**
COMMISSIONER SARENA TOWNSEND, CORRECTION
CAPTAIN F/N/U LINDSY-SMITH, CORRECTION
CAPTAIN F/N/U WIND, CORRECTION CAPTAIN F/N/U
PATELA, AND JOHN AND JANE DOES 1-18,

                                              Defendants.
-----------------------------------------------------------------------X

       Plaintiff, PAULA HENRY, by her attorney, JESSICA MASSIMI, ESQ., hereby

complains of the Defendants, upon information and belief, as follows:

<u>**NAUTE OF THE CASE**</u>

1. Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42

   U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991,

   Pub. L. No. 102-166) ("Title VII"), 42 U.S.C. Section 1983, the <u>New York State Human</u>

   <u>Rights Law</u>, New York State Executive Law § 296, *et seq.* ("NYSHRL"); and the <u>New York</u>

   <u>City Human Rights Law</u>, New York City Administrative Code § 8-502(a), *et seq.*

   ("NYCHRL"); and seeks damages to redress the injuries Plaintiff has suffered as a result of

   being discriminated against on the basis of her sex, gender, status as a woman, and perceived

   status as a transgender women, and retaliated against by the Defendants solely for objecting

   to this discrimination. Plaintiff also brings this claim for negligence, *respondeat superior*,

   assault, and battery.

## VENUE AND JURISDICTION

2. Venue is properly laid, pursuant to 28 U.S.C. § 1391, et seq., in the Eastern District of New York, where Defendant City of New York resides, and where the majority of the actions complained of herein occurred in that (1) Plaintiff's assault occurred at George R. Vierno Center ("GRVC") at Rikers Island Correctional Facility, 09-09 Hazen Street, East Elmhurst, NY 11370, and (2) much of Defendants retaliation of Plaintiff occurred at the DOC Headquarters located at 75-20 Astoria Boulevard, East Elmhurst, NY 11370. Both locations are in Queens County, New York.

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, Title VII, and 42 U.S.C. § 1983.

4. Plaintiff respectfully requests that the Court exercise supplemental jurisdiction over Plaintiff's state law claims of negligence, *respondeat superior*, assault, and battery because the facts giving rise to all federal and state causes of action alleged herein are based on a common nucleus of operative facts.

5. Plaintiff timely served a Notice of Claim on the municipal Defendant and complied with all conditions precedent to commencing an action under state law.

6. At least thirty days have elapsed since service of Plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

7. That the within action has been initiated within one year and ninety days of the accrual of Plaintiff's claims pursuant to New York State Law.

8. Plaintiff timely filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC"), on July 26, 2021.

9. Plaintiff received a Notice of Right to Sue from the United States Department of Justice, Civil Rights Division, dated October 19, 2021, with respect to the herein charges of discrimination.

10. This action is commenced within 90 days of receipt of said Right to Sue.

11. Defendant City employs more than 15 employees.

## PARTIES

12. At all relevant times mentioned herein, Defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Department of Correction ("DOC").

13. At all times mentioned herein, Plaintiff, Paula Henry, was an adult woman and resident of Bronx County, in the State of New York. At all times mentioned herein, Plaintiff Paula Henry was and is employed by DOC as a correction officer.

14. At all times mentioned herein, Defendant Correction Deputy Commissioner Sarena Townsend was an adult employed by the City of New York as the Deputy Commissioner of the Intelligence, Investigation & Trial Division. Defendant Townsend had the authority to hire, fire, and/or had the power to directly affect the terms and conditions of Plaintiff's employment and in fact did just that as alleged below.

15. At all times mentioned herein, Defendant Correction Captain F/N/U Lindsy-Smith was an adult employed by the City of New York as a member of DOC. Defendant Lindsy-Smith's first name is currently unknown to Plaintiff. At all times material, Defendant Lindsy-Smith was Plaintiff's supervisor and had supervisory authority over Plaintiff. Defendant Lindsy-

Smith had the authority to hire, fire, and/or had the power to directly affect the terms and conditions of Plaintiff's employment.

16. At all times mentioned herein, Defendant Correction Captain F/N/U Wind was an adult employed by the City of New York as a member of DOC. Defendant Wind's first name is currently unknown to Plaintiff. At all times material, Defendant Wind was Plaintiff's supervisor and had supervisory authority over Plaintiff. Defendant Wind had the authority to hire, fire, and/or had the power to directly affect the terms and conditions of Plaintiff's employment.

17. At all times mentioned herein, Defendant Correction Captain F/N/U Patela was an adult employed by the City of New York as a member of DOC. Defendant Patela's first name is currently unknown to Plaintiff. At all times material, Defendant Patela was Plaintiff's supervisor and had supervisory authority over Plaintiff. Defendant Patela had the authority to hire, fire, and/or had the power to directly affect the terms and conditions of Plaintiff's employment.

18. At all times mentioned herein, Defendants John and Jane Does 1-18 were adults employed by the City of New York of varying ranks including but not limited to officers and captains. Defendants John and Jane Does 1-18's names are currently unknown to the Plaintiff. The Doe Defendants participated in the Plaintiff's discrimination in various ways including but not limited to as described below by maliciously and falsely informing incarcerated people that Plaintiff is a transgender woman who was assigned male at birth, falsely charging Plaintiff with disciplinary violations in retaliation for her complaints of discrimination, and by continuing to retaliate by Plaintiff by, *inter alia*, placing her back to work in the same area where she was assaulted.

19. Defendants Townsend, Lindsy-Smith, Wind, Patela, and John and Jane Does 1-18 are sued in their official and individual capacities.

20. Defendants Townsend, Lindsy-Smith, Wind, Patela, and John and Jane Does 1-18 are collectively referred to herein as the "Individual Defendants."

21. Plaintiff has repeatedly attempted to obtain the names of DOC members involved in her discrimination, harassment, and retaliation but the DOC continues to withhold this basic information as described below.

22. Additionally, on May 3, 2021, Plaintiff's counsel filed a FOIL request for various documents and items of information which would have revealed the names of the Defendants.

23. On August 9, 2021, Stephanie L. Plantain, Associate General Counsel for DOC, wrote to Plaintiff's counsel and stated as follows:

> This is an interim response to your request for records (copy enclosed) relating to Ms. Massimi [sic] made pursuant to the New York State Freedom of Information Law. Please be advised that the investigative documents and records relating to an incident on February 6, 2021 refer to a matter that is being investigated, and a final agency determination has not been made. Pursuant to the New York State Public Officers Law, Section 87(2)(g)(iii), such records may consist of intra-agency and possibly inter-agency material which is not a final agency determination and can be withheld. In addition, potentially responsive records are still being generated. The Department, under the New York State Freedom of Information Law, is not obligated to create new records in order to respond to your request.

> The request for Ms. Henry's EEO discrimination claims, allegations, disciplinary charges, personnel file and collective bargaining documents is pending, and we will notify you as we receive documents or responses.

24. However, DOC's August 9th response did not contain any of their own records as requested by Plaintiff, but inexplicably contained only multiple copies of Plaintiff's own FOIL request.

## MATERIAL FACTS

25. In or around December 2016, HENRY began working for DEFENDANT THE CITY OF NEW YORK ("CITY") and NEW YORK CITY DEPARTMENT OF CORRECTION ("DOC") at RIKERS ISLAND CORRECTIONAL FACILITY ("RIKERS") as a correction officer.

26. Henry's current compensation is approximately $65,000.00 per year.

27. Almost immediately after Plaintiff began working for DOC in December 2016, Defendants began discriminating against and harassing Plaintiff based on her sex and gender.

28. Plaintiff is not currently aware of the names of the individual DOC officers, captains, employees and agents other than as stated below:

29. Defendants DOC employees John and Jane Does 1-15 openly referred and refer to Plaintiff as "a transgender" and "Paul" and using many derogatory slurs including but not limited to "tranny bitch."

30. Defendants John and Jane Does 1-15 also provided this information to incarcerated people at Rikers, often informing them that Plaintiff, according to them, is a man named Paul, though Plaintiff is a woman.

31. Defendants' rumors, while false, spread like wildfire and have gravely jeopardized Plaintiff's life.

32. Incarcerated people at Rikers often informed Plaintiff in sum and substance "the guards told us you're a man."

33. John and Jane Doe 1-15 encourage each other and incarcerated people to ridicule, harass, and endanger Plaintiff based on her sex, gender, and perceived status as a transgender woman.

34. In 2017, Plaintiff filed an internal EEO complaint with DOC because of Defendants' discrimination against and harassment of Plaintiff ("the First EEO Complaint.")

35. Defendants have refused to tell Plaintiff the outcome of this investigation.

36. In fact, following the First EEO Complaint, Defendants retaliated against Plaintiff by making even more discriminatory comments to Plaintiff about her perceived gender and gender identity. As noted above, Defendants' discrimination and harassment of Plaintiff also consisted of their gravely dangerous practice of informing individuals incarcerated at Rikers that Plaintiff was a transgender woman who was assigned male at birth.

37. Defendants' harassment of and discrimination against Plaintiff reached its height on February 6, 2021.

38. On February 6, 2021, Defendants and their officers, captains, employees and agents intentionally, recklessly, and negligently caused Plaintiff to be assaulted, battered, and injured by people incarcerated in the 7B day room of the George R. Vierno Center ("GRVC") at Rikers Island Correctional Facility, 09-09 Hazen Street, East Elmhurst, NY 11370.

39. Captain F/N/U Lindsy-Smith was responsible for assigning Plaintiff to the above location on the above date.

40. Specifically, Defendants intentionally assigned Plaintiff to this location with no other correction officers present.

41. Further, Defendants were aware that there was a faulty pantry door at this location which divided the 7A dayroom from the 7B dayroom. At the time Defendants set Plaintiff up to be assaulted, they long knew that this pantry door was not secured, was in fact broken, and that incarcerated people on either side of this door could knock through it.

42. As a result of the Defendants intentionally creating and ignoring this danger, on the date of incident, rival members of the Latin Kings and the Bloods began fighting.

43. Defendants had ensured that Plaintiff was the only DOC employee present at this time.

44. As the fight ensued, Plaintiff pressed her security button four times, which alerts the control room that she is in trouble and needs assistance.

45. John and Jane Does 16 and 17 were assigned to the command room on the date of the incident and were responsible for assigning Plaintiff the above location and refused to provide PLAINTIFF with assistance after she notified the command room that she was in danger by hitting the emergency alert button.

46. Upon information and belief, John and Jane Does 16 and 17 may have been Captain F/N/U Wind and Captain F/N/U Patela.

47. Pursuant to protocol, John and Jane Does 16 and 17 were responsible for assembling or alerting the probe team – a heavily armed and protected group of DOC employees – who would then enter the day room, de-escalate the situation or take control of the situation, and protect Plaintiff and/or remove her to safety.

48. No one in the control room nor anyone from the probe team responded to Plaintiff's calls for help.

49. Additionally, John Doe 18 is a DOC officer who was assigned to 7A on the date of the incident and refused to assist PLAINTIFF as she was beaten.

50. During the fight between inmates, Defendants sending no assistance, an inmate called Plaintiff a "tranny bitch" and hit her in the face and head, causing her to fall to the ground and lose consciousness.

51. At some point, Plaintiff regained consciousness to another incarcerated person dragging her across the room.

52. At this point, Defendants had still provided no assistance or protection to Plaintiff, who was injured and in fear for her life and safety.

53. Eventually, an officer and captain appeared in the dayroom with no probe team, took Plaintiff outside, and called an ambulance.

54. As a result of Defendants' actions, Plaintiff has sustained permanent and physical injuries including but not limited to a broken nose, concussion, loss of consciousness, facial scarring, a cracked veneer, injuries to her right shoulder, right elbow, right wrist, right hip, knees, and right ankle.

55. In March 2021, Plaintiff filed another EEO Complaint (the "Second EEO Complaint") against Defendants for their continued harassment, discrimination, and retaliation against her, including the above-described series of events where they intentionally placed her alone in an unsecured dayroom with rival gang members as further discrimination, harassment, and retaliation.

56. Following the February 6, 2021 assault of Plaintiff and her Second EEO Complaint, Defendants have continued to harass, discriminate and retaliate against Plaintiff as follows.

57. First, gallingly, following Defendants' orchestration of Plaintiff's assault, Defendants charged Plaintiff with disciplinary violations related to her February 6, 2021 assault. There is no basis for these charges and the purpose of these false charges are to further harass Plaintiff based on her sex, gender, and perceived status as a transgender woman and to retaliate against her for her complaints of discrimination against Defendants.

58. Specifically, Defendant Townsend falsely accused Plaintiff of the following in formal DOC charges:

> Said officer, on or about February 6, 2021 at approximately 1829 hours, while assigned to George R. Vierno (GRVC) Housing area 7 "B", engaged in conduct unbecoming an officer and of a nature to bring discredit upon the Department and failed to efficiently perform her duties in that she failed to secure the pantry door food slot, and, as a result, an inmate on inmate fight occurred that then led to a Use of Force between other officers and said inmates.

59. These allegations were false and intentionally misleading and Defendant Townsend knew these allegations were false and intentionally misleading when she made them.

60. Defendant Townsend made these false allegations against Plaintiff to further discriminate against Plaintiff based on her sex, gender, and perceived status as a transgender woman, and to further retaliate against Plaintiff for her complaints of discrimination.

61. In so doing, Defendant Townsend engaged in adverse employment actions against Plaintiff for engaging in protected activity of complaining of the discrimination.

62. Second, on July 9, 2021, Defendants sent Plaintiff back to the same command where she was assaulted on February 6, 2021, thereby intentionally placing her back in danger.

63. Third, Defendants have failed and refused to conduct any investigation into Plaintiff's allegations of discrimination, retaliation, and into her assault.

64. As a result, on July 13, 2021, Plaintiff had no choice but to write the Defendants as follows:

> I C.O Henry #8852 assigned to GRVC on the 1500x2331 hr. tour was knocked unconscious waking up to being dragged by an inmate. DOC is forcing me to work in the same facility where I was viciously attacked based on my perceived gender and sustained several injurys some of which include a broken nose and two cracked teeth. DOC is intentionally setting me up to be assaulted again in retaliation against me due to my complaints. I am requesting a leave of absence until DOC is able to have me transferred out of the facility in which I was brutally attacked.

65. Thus, the Defendants subjected Plaintiff to retaliation in the form of adverse employment actions for her complaints of discrimination and harassment against Defendants.

66. Defendants' orchestrating Plaintiff's assault, refusing to investigate her complaints of discrimination, falsely charging her with disciplinary violations, and forcing her to return to work in the same facility where she was assaulted, all constitute discrimination on the basis of her perceived gender and gender identity.

67. Defendants' orchestrating Plaintiff's assault, refusing to investigate her complaints of discrimination, falsely charging her with disciplinary violations, and forcing her to return to work in the same facility where she was assaulted, all constitute discrimination and retaliation for her complaints of discrimination.

68. Upon information and belief, Plaintiff's performance was above average during the course of her employment with Defendants.

69. Upon information and belief, Defendants have subjected Plaintiff to assault, disciplinary charges, refusal to investigate her complaints of discrimination, and assigned her back to the facility where she was assaulted solely because of her sex, gender, and perceived status as a transgender woman and her complaints of discrimination and harassment.

70. Thus, in addition to discrimination against Plaintiff, Defendants also subjected Plaintiff to illegal and ongoing retaliation involving all of the above-described conduct up to and including forcing her to seek a leave of absence.

71. Plaintiff felt frightened, offended, disturbed, threatened, and humiliated by the blatantly unlawful discrimination and retaliation.

72. But for the fact that Plaintiff perceived gender, Defendants would not have treated Plaintiff differently and would not have engaged in the conduct detailed herein, including

orchestrating her assault, falsely charging her with disciplinary violations, refusing to investigate her complaints of discrimination.

73. Plaintiff has been physically injured, unlawfully discriminated and retaliated against, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

74. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

75. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer physical injuries, the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
(Against Defendant City of New York)

76. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

77. This claim is authorized and instituted pursuant to the provisions of <u>Title VII</u> of the Civil Rights Act of 1964, <u>42 U.S.C.</u> Section 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of <u>Title VII</u>'s prohibition against discrimination in employment based, in whole or in part, upon an employee's sex and gender, or perceived sex and gender.

78. Defendants engaged in unlawful employment practices prohibited by <u>42 U.S.C.</u> Section 2000e et seq. by discriminating against Plaintiff because of her sex/gender, or perceived sex/gender.

79. As such, Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
### (Against Defendant City of New York)

80. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

81. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-3(a) provides it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.:

82. Defendants retaliated against Plaintiff as described above.

83. Defendants baselessly subjected Plaintiff to adverse employment actions prohibited by this statute.

84. Defendants had no valid business justification for the retaliatory and abusive action taken against Plaintiff following her engagement in protected activity.

85. Defendants' conduct was malicious, willful, outrageous, and conducted with fill knowledge of the law.

86. As such, Plaintiff has been damaged as set forth herein.

**AS A THIRD CAUSE OF ACTION**
**AGAINST THE INDIVIDUAL DEFENDANTS**
**FOR VIOLATION OF THE FOURTEENTH AMENDMENT**
**AND PLAINTIFF'S RIGHT TO DUE PROCESS AND EQUAL PROTECTION**
**PURSUANT TO 42 U.S.C. SECTION 1983**
(Against the Individual Defendants Only)

87. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

88. The Individual Defendants violated Plaintiff's rights under the Fourteenth Amendment of the United States Constitution by intentionally discriminating against her and retaliating against her because of her sex and gender, or perceived sex and gender, and forcing her to work under conditions which posed a substantial risk of serious harm to plaintiff's safety.

89. The Individual Defendants violated Plaintiff's rights under the Fourteenth Amendment of the United States Constitution by failing to take reasonable measures to guarantee Plaintiff's safety, by actively causing her harm, and by conspiring and working together to conceal the fact of their discrimination and retaliation.

90. The Individual Defendants also violated Plaintiff's right to due process based on her gender and/or sex.

91. Alternatively, Plaintiff brings this claim for Defendants' violation of her 14th Amendment right to equal protection based on a "class of one" since if the Defendants did not treat Plaintiff differently based on her membership in a protected class, they treated her differently from others similarly situated and there is no rational basis for the difference in treatment.

92. Specifically, the Individual Defendants actively facilitated Plaintiff's assault by inmates, and therefore failed to protect Plaintiff from violence.

93. The Individual Defendants created the excessive risk to Plaintiff's health and safety in that they were aware of the fact that Plaintiff would be placed in imminent danger and harm by

placing Plaintiff alone with members of rival gangs and after informing many of them that Plaintiff is a transgender woman.

94. The Defendants further violated Plaintiff's due process rights by falsely charging her with disciplinary violations in retaliation for her complaints of discrimination.

95. By so doing, the Individual Defendants subjected plaintiff to violations of her right to due process and equal protection and thereby violated and aided and abetted in the violations of Plaintiff's rights under the Fourteenth Amendments to the United States Constitution.

96. By reason thereof, the Individual Defendants have violated 42 U.S.C. Section 1983 and caused Plaintiff to suffer the deprivation of her liberty, loss of her constitutional rights, physical injuries, and mental anguish.

**AS A FOURTH CAUSE OF ACTION
FOR SEX AND GENDER DISCRIMINATION
<u>UNDER THE NEW YORK CITY ADMINISTRATIVE CODE</u>**
(Against all Defendants)

97. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

98. <u>The New York City Administrative Code</u> § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

99. Defendants violated the section cited herein as set forth above.

100.    Defendants' conduct was malicious, willful, outrageous, and conducted with fill knowledge of the law.

101.    As such, Plaintiff has been damaged as set forth herein.

**AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
(Against the Individual Defendants Only)

102.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

103.    The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

104.    The Individual Defendants violated the section cited herein as set forth.

105.    Defendants' conduct was malicious, willful, outrageous, and conducted with fill knowledge of the law.

106.    As such, Plaintiff has been damaged as set forth herein.

**AS A SIXTH CAUSE OF ACTION FOR RETALIATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**
(Against all Defendants)

107.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

108.    The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter."

109.    Defendants violated the section cited herein as set forth for Plaintiff's complaint of and objection to discrimination as described above.

110. Defendants' conduct was malicious, willful, outrageous, and conducted with fill knowledge of the law.

111. As such, Plaintiff has been damaged as set forth herein.

**AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
<u>VICARIOUS LIABILITY UNDER THE NEW YORK CITY ADMINISTRATIVE CODE</u>**
(Against Defendant City of New York)

112. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

113. NYCHRL § 8-107(13) is entitled "Employer liability for discriminatory conduct by employee, agent or independent contractor." It provides

> a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
> b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.
> c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

114. Defendant City violated the section cited herein as set forth.

115. Defendants' conduct was malicious, willful, outrageous, and conducted with fill knowledge of the law.

116. As such, Plaintiff has been damaged as set forth herein.

**AS AN EIGHTH CAUSE OF ACTION**
**FOR SEX AND GENDER DISCRIMINATION**
**UNDER THE NEW YORK STATE EXECUTIVE LAW**
(Against all Defendants)

117. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

118. New York State Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's . . . age, race, creed, color, national origin, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

119. Defendants violated the section cited herein as set forth.

120. Defendants' conduct was malicious, willful, outrageous, and conducted with fill knowledge of the law.

121. As such, Plaintiff has been damaged as set forth herein.

**AS A NINTH CAUSE OF ACTION FOR RETALIATION**
**UNDER THE NEW YORK STATE EXECUTIVE LAW**
(Against all Defendants)

122. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

123. New York State Executive Law § 296(7) provides that it shall be an unlawful

discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

124. Defendants violated the section cited herein as set forth.

125. Defendants' conduct was malicious, willful, outrageous, and conducted with fill knowledge of the law.

126. As such, Plaintiff has been damaged as set forth herein.

## AS A TENTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER NEW YORK STATE EXECUTIVE LAW
(Against the Individual Defendants)

127. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

128. New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

129. The Individual Defendants violated this statute as set forth.

130. Defendants' conduct was malicious, willful, outrageous, and conducted with fill knowledge of the law.

131. As such, Plaintiff has been damaged as set forth herein.

## JURY DEMAND

132. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17

(amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), 42 U.S.C. Section 1983, the <u>New York State Human Rights Law</u>, New York State Executive Law § 296, *et seq.* ("NYSHRL"); and the <u>New York City Human Rights Law</u>, New York City Administrative Code § 8-502(a), *et seq.* ("NYCHRL"); in that Defendants discriminated against Plaintiff on the basis of her sex, gender, status as a woman, and perceived status as a transgender women, and that Defendants retaliated against Plaintiff solely for her objecting to Defendants' discrimination.

B.      Also declaring that the Defendants damaged Plaintiff by way of Defendants' negligence, *respondeat superior*, assault, and battery.

C.      Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination, retaliation, and conduct and to otherwise make her whole for any losses suffered because of such unlawful employment practices and conduct;

D.      Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

E.      Awarding Plaintiff punitive damages;

F.      Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

G.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: Brooklyn, New York
       October 27, 2021

JESSICA MASSIMI, ESQ.

By:  *Jessica Massimi*
_____
99 Wall Street, Suite 1264
New York, NY 10005
jessica.massimi@gmail.com
646-241-9800