UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PAULA HENRY,

                              Plaintiff,

                -against-

THE CITY OF NEW YORK, CORRECTION
ASSISTANT COMMISSIONER, AND E.E.O.
OFFICER KAMMAE OWENS, CORRECTION
E.E.O. ATTORNEY INVESTIGATOR GREG
CHEUNG, CORRECTION OFFICER CLEON
WILEY, CORRECTION OFFICER JOSHUA MOYE,
CORRECTION OFFICER MIGUEL JIMENEZ,
CORRECTION OFFICER OHLYNN WRIGHT,
CORRECTION DEPUTY WARDEN LISA
BARNABY, CORRECTION DEPUTY
COMMISSIONER SARENA TOWNSEND,
CORRECTION CAPTAIN TASHANA LINDSAY-
SMITH, CORRECTION CAPTAIN YVETTE WYNN,
CORRECTION CAPTAIN LATANYA PATILLO,
AND JOHN AND JANE DOES 1-11,

                            Defendants.
----------------------------------------------------------------X

**ANSWER TO THE THIRD AMENDED COMPLAINT WITH CROSS-CLAIMS**

21-cv-5980(FB)(RLM)

## NATURE OF THE CASE

1. Defendant Correction Officer Cleon Wiley denies knowledge or information sufficient to form a belief as to paragraph 1 of the Third Amended Complaint, and refers all questions of law to the Court.

## VENUE AND JURISDICTION

2. Defendant Correction Officer Cleon Wiley denies knowledge or information sufficient to form a belief as to paragraphs 2, 3, 4, 8, 9, 10, and 11 of the Third Amended Complaint, and refers all questions of law to the Court.

3. Defendant Correction Officer Cleon Wiley denies knowledge or information sufficient to form a belief as to paragraphs 5, 6, and 7 of the Third Amended Complaint, and refers all questions of law to the Court. Defendant Correction Officer Cleon Wiley reserves all rights to make motions to vindicate his defense to this action.

## PARTIES

4. Defendant Correction Officer Cleon Wiley denies knowledge or information sufficient to form a belief as to paragraph 12 of the Third Amended Complaint, and refers all question of law to the Court.

5. Defendant Correction Officer Cleon Wiley denies knowledge or information sufficient to form a belief as to paragraphs 13, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, and 36 of the Third Amended Complaint.

6. Paragraph 14 of the Third Amended Complaint is blank.

7. Defendant Correction Officer Cleon Wiley admits the allegations contained in paragraph 17 of the Third Amended Complaint that he was employed by the Department of Corrections. However, Defendant Wiley denies that he and Plaintiff were "at all times" co-workers. Defendant Wiley and Plaintiff have not worked together in over four (4) years.

8. Defendant Correction Officer Cleon Wiley denies knowledge or information sufficient to form a belief as to paragraph 37 of the Third Amended Complaint, and refers all questions of law to the Court.

## MATERIAL FACTS

9. Defendant Correction Officer Cleon Wiley denies knowledge or information sufficient to form a belief as to paragraphs 38, 39, 41, 50, 55, 59, and 63 of the Third Amended Complaint.

10.     Defendant Correction Officer Cleon Wiley denies the allegations made in paragraphs 40, 42, 43, 44, 45, 46, 47, 48, 49, 51, 52, 53, 54, 56, 57, 58, 60, 61, 62, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, and 110 of the Third Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S
FIRST CAUSE OF ACTION FOR DISCRIMINATION
UNDER TITLE XII**

11.     Defendant Correction Officer Cleon Wiley repeats and realleges paragraphs 1-111 as if said paragraphs were more fully set forth herein at length in the Third Amended Complaint.

12.     Defendant Correction Officer Cleon Wiley denies the allegations contained in paragraphs 112, 113, and 114 of the Third Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S
SECOND CAUSE OF ACTION FOR RETALIATION
UNDER TITLE XII**

13.     Defendant Correction Officer Cleon Wiley repeats and realleges paragraphs 1-115 of the Third Amended Complaint.

14.     Defendant Correction Officer Cleon Wiley denies the allegations contained in paragraphs 116, 117, 118, 119, 120, and 121 of the Third Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S
THIRD CAUSE OF ACTION AGAINST THE INDIVIDUAL
DEFENDANTS FOR VIOLATION OF THE FOURTEENTH AMENDMENT
AND PLAINTIFF'S RIGHT TO DUE PROCESS AND EQUAL PROTECTION
PURSUANT TO 42 U.S.C. SECTION 1983**

15.     Defendant Correction Officer Cleon Wiley repeats and realleges paragraphs 1-122 of the Third Amended Complaint.

16. Defendant Correction Officer Cleon Wiley denies the allegations contained in paragraphs 123, 124, 125, 126, 127, 128, 129, 130, and 131 of the Third Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S
FOURTH CAUSE OF ACTION FOR SEX AND GENDER
DISCRIMINATION UNDER THE NEW YORK CITY ADMNISTRATIVE CODE**

17. Defendant Correction Officer Cleon Wiley repeats and realleges paragraphs 1-132 of the Third Amended Complaint.

18. Defendant Correction Officer Cleon Wiley denies the allegations contained in paragraphs 133, 134, 135, and 136 of the Third Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S
FIFTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

19. Defendant Correction Officer Cleon Wiley repeats and realleges paragraphs 1-137 of the Third Amended Complaint.

20. Defendant Correction Officer Cleon Wiley denies the allegations contained in paragraphs 138, 139, 140, and 141 of the Third Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S
SIXTH CAUSE OF ACTION FOR RETALIATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

21. Defendant Correction Officer Cleon Wiley repeats and realleges paragraphs 1-142 of the Third Amended Complaint.

22. Defendant Correction Officer Cleon Wiley denies the allegations contained in paragraphs 143, 144, 145, and 146 of the Third Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S
SEVENTH CAUSE OF ACTION FOR DISCRIMINATION VICARIOUS
LIABILITY UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

23. Defendant Correction Officer Cleon Wiley repeats and realleges paragraphs 1-147 of the Third Amended Complaint.

24. Defendant Correction Officer Cleon Wiley denies the allegations contained in paragraphs 148, 149, 150, and 151 of the Third Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S
EIGHTH CAUSE OF ACTION FOR SEX AND GENDER DISCRIMINATION
UNDER THE NEW YORK STATE EXECUTIVE LAW**

25. Defendant Correction Officer Cleon Wiley repeats and realleges paragraphs 1-152 of the Third Amended Complaint.

26. Defendant Correction Officer Cleon Wiley denies the allegations contained in paragraphs 153, 154, 155, and 156 of the Third Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S
NINTH CAUSE OF ACTION FOR RETALIATION
UNDER THE NEW YORK STATE EXECUTIVE LAW**

27. Defendant Correction Officer Cleon Wiley repeats and realleges paragraphs 1-157 of the Third Amended Complaint.

28. Defendant Correction Officer Cleon Wiley denies the allegations contained in paragraphs 158, 159, 160, and 161 of the Third Amended Complaint.

**AS AND FOR AN ANSWER TO PLAINTIFF'S
TENTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK STATE EXECUTIVE LAW**

29. Defendant Correction Officer Cleon Wiley repeats and realleges paragraphs 1-162 of the Third Amended Complaint.

30. Defendant Correction Officer Cleon Wiley denies the allegations contained in paragraphs 163, 164, 165, and 166 of the Third Amended Complaint.

### AS AND FOR AN ANSWER TO PLAINTIFF'S ELEVENTH CAUSE OF ACTION AGAINST THE CITY AND INDIVIDUAL DEFENDANTS FOR NEGLIGENCE PURSUANT TO NEW YORK STATE LAW

31. Defendant Correction Officer Cleon Wiley repeats and realleges paragraphs 1-167 of the Third Amended Complaint.

32. Defendant Correction Officer Cleon Wiley denies the allegations contained in paragraphs 168, 169, 170, 171, 172, 173, and 174 of the Third Amended Complaint.

### AS AND FOR AN ANSWER TO PLAINTIFF'S TWELFTH CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK FOR *RESPONDEAT SUPERIOR*

33. Defendant Correction Officer Cleon Wiley repeats and realleges paragraphs 1-175 of the Third Amended Complaint.

34. Defendant Correction Officer Cleon Wiley denies knowledge or information sufficient to form a belief in paragraph 176 of the Third Amended Complaint as to the other Defendants, but admits that CO Wiley is employed as a New York City Correction Officer and the principles of *Respondeat Superior* apply to conduct alleged or found against him.

35. Defendant Correction Officer Cleon Wiley denies the allegations contained in paragraphs 177 and 178 of the Third Amended Complaint.

## AS AND FOR AN ANSWER TO PLAINTIFF'S THIRTEENTH CAUSE OF ACTION AGAINST THE INDIVIDUAL CORRECTION OFFICER DEFENDANTS FOR ASSAULT AND BATTERY

36. Defendant Correction Officer Cleon Wiley repeats and realleges paragraphs 1-179 of the Third Amended Complaint.

37. Defendant Correction Officer Cleon Wiley denies the allegations contained in paragraphs 180 and 181 of the Third Amended Complaint.

## JURY DEMAND

38. Defendant Correction Officer Cleon Wiley denies knowledge or information sufficient to form a belief as to paragraph 182 of the Third Amended Complaint.

## AS TO "PRAYER FOR RELIEF"

39. Defendant Correction Officer Cleon Wiley denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause set forth after paragraph 182 of the Third Amended Complaint.

## STATEMENT OF AFFIRMATIVE DEFENSES

40. Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that Defendant otherwise would not have.

## FIRST AFFIRMATIVE DEFENSE

41. The Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

**SECOND AFFIRMATIVE DEFENSE**

42. At all times relevant hereto, Defendant Wiley has acted in good faith based on reasonable factors other than Plaintiff's sex, race, and/or exercise of any statutorily protected rights, and has not violated any rights which may be secured to Plaintiff under any federal, state, city, local, or other laws, rules, regulations, codes, or guidelines.

**THIRD AFFIRMATIVE DEFENSE**

43. Plaintiff's claims for damages against Defendant Wiley are barred, in whole or in part, because Plaintiff has failed to mitigate her alleged damages, if any.

**FOURTH AFFIRMATIVE DEFENSES**

44. Plaintiff's claims against Defendant Wiley are barred, in whole or in part, by the applicable statutes of limitations.

**FIFTH AFFITMATIVE DEFENSES**

45. At all times relevant hereto, Defendant Wiley's actions regarding Plaintiff were based upon legitimate, non-discriminatory, and non-retaliatory reasons unrelated to Plaintiff's sex or race and/or exercise of any statutorily protected rights.

**SIXTH AFFIRMATIVE DEFENSES**

46. Plaintiff's claims alleging discrimination, harassment and retaliation are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, because Defendant Wiley exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior.

**SEVENTH AFFIRMATIVE DEFENSES**

47. Plaintiff's claims alleging discrimination, harassment and retaliation are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, because Plaintiff unreasonably failed to take advantage of Defendant's preventive or corrective opportunities or to avoid harm otherwise.

**EIGHTH AFFIRMATIVE DEFENSE**

48. Plaintiff's Third Amended Complaint should be dismissed because Plaintiff has failed to satisfy the statutory prerequisites for bringing some or all of the claims alleged in the Complaint, and/or failed to exhaust her administrative remedies.

**NINTH AFFIRMATIVE DEFENSE**

49. Plaintiff's claims should be dismissed because Defendant Wiley did not aid, abet, acquiesce, or condone any alleged unlawful conduct toward Plaintiff. Moreover, Plaintiff has failed to show Defendant Wiley personal involvement with allegations after 2017.

**TENTH AFFIRMATIVE DEFENSE**

50. Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver estoppel, laches, the after-acquired evidence doctrine, the unclean hands doctrine, and/or the election of remedies doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**

51. In the event liability of Defendant is established pursuant to the Administrative Code of the City of New York § 8-101 et seq. based on the conduct of an employee, agent or independent contractor, Defendant reserves its rights under the Administrative Code of the City of New York § 8-107(13) to demonstrate all relevant factors to be considered in the

determination of liability and the mitigation of any damages, including but not limited to Defendant's implementation and compliance with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents and persons employed as independent contractors.

## TWELFTH AFFIRMATIVE DEFENSE

52.     Plaintiff's claims for punitive damages, if any, are barred due to Defendant Wiley's good faith efforts to comply with applicable anti-discrimination laws and/or because Defendant did not engage in any conduct with the required level of culpability to justify an award of punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

53.     Defendant reserves the right to amend and/or to add additional affirmative defenses or counterclaims which may become known during the course of discovery.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

54.     As alleged in the Complaint, at all times relevant herein, Defendant Correction Officer Cleon Wiley was acting within the discharge and performance of his duties as a New York City Correction Officer, was not in violation of any rule or regulation of the New York City Department of Correction and was acting within the scope and course of his employment.

55.     Any liability to Plaintiff must therefore be assumed by Defendant City of New York, pursuant to Section 50-k of the New York State General Municipal law, and pursuant to the principles of *respondeat superior*, which, among other things, provides that Defendant CO Wiley be entitled to indemnification and held harmless by Defendant City of New York.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

56. Any costs which may be sustained by Defendant Wiley, including attorney's fees, in the defense of this action are embraced within the provisions of General Municipal Law Section 50-k.

57. Accordingly, Defendant CO Wiley is entitled to recovery from Defendant City of New York, for such amounts as may be expended by his or on his behalf in the defense of this action.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

58. If Plaintiff was caused damages as alleged in the Plaintiff's Complaint, due to any culpable conduct other than Plaintiff's own culpable conduct, then such damages were due to the culpable conduct, negligent acts of omission, or commission of Defendant, The City of New York, its agents, or employees, other than the answering Defendant.

**WHEREFORE**, Defendant requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, granting Defendant's cross-claims, and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 23, 2022

Respectfully Submitted,

**KARASYK & MOSCHELLA, LLP**

/s/
John W. Burns
*Attorneys for Defendant*
*Correction Officer Cleon Wiley*
233 Broadway, Suite 2340
New York, New York 10279
(212) 233-3800

To: *All Counsel- Via ECF*