UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
PAULA HENRY,

|  |  |
|---|---|
| Plaintiff, | **ANSWER OF DEFENDANT CONROY MORGAN TO PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| -against- | Case No. 1:21-CV-05980-FB-RLM |

THE CITY OF NEW YORK, CORRECTION ASSISTANT COMMISSIONER AND E.E.O. OFFICER KAMMAE OWENS, CORRECTION E.E.O. ATTORNEY INVESTIGATOR GREG CHEUNG, CORRECTION OFFICER CLEON WILEY, CORRECTION OFFICER JOSHUA MOYE, CORRECTION OFFICER MIGUEL JIMENEZ, CORRECTION OFFICER OHLYNN WRIGHT, CORRECTION DEPUTY WARDEN LISA BARNABY, CORRECTION WARDEN JEAN RENE, CORRECTION ADMINISTRATIVE CAPTAIN RASHIDA SMITH, CORRECTION DEPUTY COMMISSIONER SARENA TOWNSEND, CORRECTION CAPTAIN TASHANA LINDSAY-SMITH, CORRECTION CAPTAIN YVETTE WYNN, CORRECTION CAPTAIN LATANYA PATILLO, CORRECTION OFFICER CONROY MORGAN, CORRECTION SUPERVISOR OF MECHANICS BRIAN FAHY, and JOHN AND JANE DOES 1–8,

Defendants.
------------------------------------------------------------------------ x

Defendants, the City of New York ("City"), former New York City Department of Correction ("DOC") Deputy Commissioner Sarena Townsend, DOC Captain Tashana Lindsay-Smith, former DOC Captain Yvette Wynn, DOC Captain LaTanya Patillo, former DOC Assistant Commissioner and Equal Employment Opportunity Officer Kammae Owens, former DOC Officer Miguel Jimenez, former DOC Officer Ohlynn Wright, former DOC Officer Joshua Moye, DOC Attorney Investigator Greg Cheung, DOC Deputy Warden Lisa Barnaby, former DOC Captain Rashida Smith, DOC Supervisor of Mechanics Brian Fahy, DOC Warden Jean Rene, and DOC Officer Conroy Morgan (collectively, "Municipal Defendants"), by and through their attorney of

record, the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for their Answer to Plaintiff Paula Henry's ("Plaintiff") Third Amended Complaint, filed on May 6, 2022, respectfully allege as follows:

1.      Deny the allegation(s) set forth in paragraph 1 of the Third Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

2.      Deny the allegation(s) set forth in paragraph 2 of the Third Amended Complaint, except admit that the George R. Vierno Center ("GRVC") is located at 09-09 Hazen Street, East Elmhurst, New York 11370, that the New York City Department of Correction's ("DOC") headquarters is located at 75-20 Astoria Boulevard, East Elmhurst, New York 11370, and that both of these locations are in Queens County, New York.

3.      Deny the allegation(s) set forth in paragraph 3 of the Third Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

4.      Deny the allegation(s) set forth in paragraph 4 of the Third Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

5.      Paragraph 5 of the Third Amended Complaint purports to contain a statement of law to which no response is required, except Municipal Defendants admit that Plaintiff filed a Notice of Claim.

6.      Deny the allegation(s) set forth in paragraph 6 of the Third Amended Complaint, except admit that at least thirty days have elapsed since Plaintiff filed her Notice of Claim.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegation(s) set forth in paragraph 7 of the Third Amended Complaint.

8.      Deny the allegation(s) set forth in paragraph 8 of the Third Amended Complaint, except admit that Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegation(s) set forth in paragraph 9 of the Third Amended Complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation(s) set forth in paragraph 10 of the Third Amended Complaint.

11.     Admit the allegation(s) set forth in paragraph 11 of the Third Amended Complaint.

12.     Deny the allegation(s) set forth in paragraph 12 of the Third Amended Complaint, except admit that the City is a municipal corporation organized under the laws of the State of New York, and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a complete and accurate statement of its powers, responsibilities, and duties.  Municipal Defendants further admit that the DOC is an agency of the City and respectfully refer the Court to Chapter 25 of the New York City Charter for a complete and accurate statement of its powers, responsibilities, and duties.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation(s) set forth in paragraph 13 of the Third Amended Complaint, except admit that Plaintiff is an adult and that she has been employed as a Correction Officer with the DOC since December 22, 2016.

14.     Paragraph 14 of the Third Amended Complaint is blank.  As such, no response is required.

15.     Deny the allegation(s) set forth in paragraph 15 of the Third Amended Complaint, except admit that Kammae Owens is an adult and that she was, but no longer is, employed by the DOC.

16.     Deny the allegation(s) set forth in paragraph 16 of the Third Amended Complaint, except admit that Greg Cheung is an adult, that he is as an Agency Attorney with the DOC, and that he is on ordered military leave.

17.     Deny the allegation(s) set forth in paragraph 17 of the Third Amended Complaint, except admit that Cleon Wiley is an adult and that he is presently employed by the DOC at the Eric M. Taylor Center.

18.     Deny the allegation(s) set forth in paragraph 18 of the Third Amended Complaint, except admit that Joshua Moye is an adult and that he was, but no longer is, employed by the DOC.

19.     Deny the allegation(s) set forth in paragraph 19 of the Third Amended Complaint, except admit that Miguel Jimenez is an adult and that he was, but no longer is, employed by the DOC.

20.     Deny the allegation(s) set forth in paragraph 20 of the Third Amended Complaint, except admit that Ohlynn Wright is an adult and that he was, but no longer is, employed by the DOC.

21.     Deny the allegation(s) set forth in paragraph 21 of the Third Amended Complaint, except admit that Lisa Barnaby is an adult and that she is presently employed by the DOC as a Deputy Warden of Administration at the GRVC.

22.     Deny the allegation(s) set forth in paragraph 22 of the Third Amended Complaint, except admit that Jean Rene is an adult and that she is presently employed by the DOC as the Warden of the GRVC.

4

23.     Deny the allegation(s) set forth in paragraph 23 of the Third Amended Complaint, except admit that Rashida Smith is an adult.

24.     Deny the allegation(s) set forth in paragraph 24 of the Third Amended Complaint, except admit that Sarena Townsend is an adult, that she was employed by the DOC from September 2016 to January 3, 2022, and that her job title at the time of her departure from the DOC was Deputy Commissioner of the Intelligence, Investigation, and Trials Division.

25.     Deny the allegation(s) set forth in paragraph 25 of the Third Amended Complaint, except admit that Tashana Lindsay-Smith is an adult and that she has been employed by the City at the DOC since March 8, 2007.

26.     Deny the allegation(s) set forth in paragraph 26 of the Third Amended Complaint, except admit that Yvette Wynn is an adult and that she was employed by the City at the DOC from June 7, 2001, to June 17, 2021.

27.     Deny the allegation(s) set forth in paragraph 27 of the Third Amended Complaint, except admit that LaTanya Patillo is an adult and has been employed by the City at the DOC since August 25, 2011.

28.     Deny the allegation(s) set forth in paragraph 28 of the Third Amended Complaint, except admit that Conroy Morgan is an adult and that he is presently employed by the DOC as a Correction Officer at the GRVC.

29.     Deny the allegation(s) set forth in paragraph 29 of the Third Amended Complaint, except admit that Brian Fahy is an adult and that he is presently employed by the DOC as the Supervisor of Mechanics at the GRVC.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation(s) set forth in paragraph 30 of the Third Amended Complaint.

31.     Deny the allegation(s) set forth in paragraph 31 of the Third Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

32.     Deny the allegation(s) set forth in paragraph 32 of the Third Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

33.     Deny the allegation(s) set forth in paragraph 33 of the Third Amended Complaint.

34.     Deny the allegation(s) set forth in paragraph 34 of the Third Amended Complaint, except admit that Plaintiff's counsel filed a Freedom of Information Law ("FOIL") request, which the DOC received on May 3, 2021.

35.     Deny the allegation(s) set forth in paragraph 35 of the Third Amended Complaint, except admit that the DOC responded to Plaintiff's counsel's FOIL request on August 9, 2021, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

36.     Deny the allegation(s) set forth in paragraph 36 of the Third Amended Complaint, except admit that the DOC's August 9, 2021, response to Plaintiff's counsel's FOIL request contained at least one copy of the FOIL request and none of the DOC's own records.

37.     Deny the allegation(s) set forth in paragraph 37 of the Third Amended Complaint, except admit that Plaintiff has commenced the instant litigation and that Municipal Defendants have provided Plaintiff with the names of eleven of the John and Jane Doe Defendants.

38.     Deny the allegation(s) set forth in paragraph 38 of the Third Amended Complaint, except admit that Plaintiff was appointed as a Correction Officer with the DOC on December 22, 2016, and thereafter entered the Correction Academy on Rikers Island.

39.     Deny the allegation(s) set forth in paragraph 39 of the Third Amended Complaint, except admit that Plaintiff's current annual salary is $71,926.00.

40.     Deny the allegation(s) set forth in paragraph 40 of the Third Amended Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation(s) set forth in paragraph 41 of the Third Amended Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation(s) set forth in paragraph 42 of the Third Amended Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation(s) set forth in paragraph 43 of the Third Amended Complaint.

44.     Deny the allegation(s) set forth in paragraph 44 of the Third Amended Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation(s) set forth in paragraph 45 of the Third Amended Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation(s) set forth in paragraph 46 of the Third Amended Complaint.

47.     Deny the allegation(s) set forth in paragraph 47 of the Third Amended Complaint, except admit that Plaintiff filed a complaint with the DOC's Office of Equal Employment Opportunity ("EEO") in 2017, and respectfully refer the Court to that document for a complete and accurate recitation of its contents.

48.     Deny the allegation(s) set forth in paragraph 48 of the Third Amended Complaint.

49.     Deny the allegation(s) set forth in paragraph 49 of the Third Amended Complaint, except admit that Plaintiff filed a complaint with the EEO against Mr. Wiley on August 14, 2017, and respectfully refer the Court to that document for a complete and accurate recitation of its contents.

50.     Deny the allegation(s) set forth in paragraph 50 of the Third Amended Complaint, except admit that Plaintiff's EEO Complaint was reassigned to Attorney Investigator Cheung on August 6, 2018.

51.     Admit the allegation(s) set forth in paragraph 51 of the Third Amended Complaint and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents.

52.     Deny the allegation(s) set forth in paragraph 52 of the Third Amended Complaint and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents.

53.     Deny the allegation(s) set forth in paragraph 53 of the Third Amended Complaint and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents.

54.     Deny the allegation(s) set forth in paragraph 54 of the Third Amended Complaint and respectfully refer the Court to Plaintiff's August 14, 2017, EEO Complaint for a complete and accurate recitation of its contents.

55.     Deny the allegation(s) set forth in paragraph 55 of the Third Amended Complaint and respectfully refer the Court to Plaintiff's August 14, 2017, EEO Complaint for a complete and accurate recitation of its contents.

56.     Deny the allegation(s) set forth in paragraph 56 of the Third Amended Complaint and respectfully refer the Court to Plaintiff's August 14, 2017, EEO Complaint for a complete and accurate recitation of its contents.

57.     Admit the allegation(s) set forth in paragraph 57 of the Third Amended Complaint and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents.

58.     Deny the allegation(s) set forth in paragraph 58 of the Third Amended Complaint and respectfully refer the Court to Plaintiff's August 14, 2017, EEO Complaint for a complete and accurate recitation of its contents.

59.     Deny the allegation(s) set forth in paragraph 59 of the Third Amended Complaint, except admit that, on November 15, 2018, Attorney Investigator Cheung sent Ms. Owens an Interdepartmental Memorandum containing his report on Plaintiff's August 14, 2017, EEO Complaint, and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents.

60.     Deny the allegation(s) set forth in paragraph 60 of the Third Amended Complaint, except admit that Plaintiff's August 14, 2017, EEO Complaint was substantiated with respect to her gender claim and that formal charges and specifications were not issued against Mr. Wiley because there was insufficient evidence to establish that he made comments about Plaintiff's gender within the applicable statute of limitations, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

61.     Deny the allegation(s) set forth in paragraph 61 of the Third Amended Complaint, except admit that Plaintiff joined the DOC in 2016 and filed her first EEO Complaint in August 2017, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

62.     Deny the allegation(s) set forth in paragraph 62 of the Third Amended Complaint and respectfully refer the Court to Plaintiff's August 14, 2017, EEO Complaint for a complete and accurate statement of its contents.

63.     Deny the allegation(s) set forth in paragraph 63 of the Third Amended Complaint.

64.     Deny the allegation(s) set forth in paragraph 64 of the Third Amended Complaint.

65.     Deny the allegation(s) set forth in paragraph 65 of the Third Amended Complaint.

66.     Deny the allegation(s) set forth in paragraph 66 of the Third Amended Complaint, except admit that Plaintiff was, but no longer is, assigned to the GRVC.

67.     Deny the allegation(s) set forth in paragraph 67 of the Third Amended Complaint.

68.     Deny the allegation(s) set forth in paragraph 68 of the Third Amended Complaint.

69.     Deny the allegation(s) set forth in paragraph 69 of the Third Amended Complaint, except admit that Rashida Smith was the Personnel Supervisor, Lisa Barnaby was the Deputy Warden of Administration, and Jean Rene was the Warden of the GRVC on February 6, 2021.

70.     Deny the allegation(s) set forth in paragraph 70 of the Third Amended Complaint.

71.     Deny the allegation(s) set forth in paragraph 71 of the Third Amended Complaint.

72.     Deny the allegation(s) set forth in paragraph 72 of the Third Amended Complaint, except deny knowledge or information sufficient to form a belief as to whether rival members of the Latin Kings and the Bloods were involved in a fight on February 6, 2021.

73.     Deny the allegation(s) set forth in paragraph 73 of the Third Amended Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation(s) set forth in paragraph 74 of the Third Amended Complaint.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation(s) set forth in paragraph 75 of the Third Amended Complaint.

76.     Deny the allegation(s) set forth in paragraph 76 of the Third Amended Complaint.

77.     Deny the allegation(s) set forth in paragraph 77 of the Third Amended Complaint.

78.     Deny the allegation(s) set forth in paragraph 78 of the Third Amended Complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation(s) set forth in paragraph 79 of the Third Amended Complaint.

80.    Deny the allegation(s) set forth in paragraph 80 of the Third Amended Complaint, except deny knowledge or information sufficient to form a belief as to whether an inmate called Plaintiff a "t***** b****" or "hit her in the face and head, causing her to fall to the ground and lose consciousness."

81.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation(s) set forth in paragraph 81 of the Third Amended Complaint.

82.    Deny the allegation(s) set forth in paragraph 82 of the Third Amended Complaint, except deny knowledge or information sufficient to form a belief as to whether Plaintiff was "injured and in fear for her life and safety."

83.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation(s) set forth in paragraph 83 of the Third Amended Complaint.

84.    Deny the allegation(s) set forth in paragraph 84 of the Third Amended Complaint, except deny knowledge or information sufficient to form a belief as to whether Plaintiff has sustained any of the injuries stated therein.

85.    Deny the allegation(s) set forth in paragraph 85 of the Third Amended Complaint, except admit that Plaintiff filed a second complaint with the EEO in March 2021.

86.    Deny the allegation(s) set forth in paragraph 86 of the Third Amended Complaint.

87.    Deny the allegation(s) set forth in paragraph 87 of the Third Amended Complaint, except admit that the DOC issued Charges and Specifications (No. DR# 0494/21) against Plaintiff on March 23, 2021, setting forth an administrative disciplinary charge for "UOF [Use of Force] – Reporting" in connection with a January 28, 2020, incident, and that the DOC issued Charges and Specifications (No. DR# 320/21) against Plaintiff on April 1, 2021, setting forth an administrative disciplinary charge for "UOF – Inefficient Performance of Duty" in connection with an incident

on February 6, 2021, and respectfully refer the Court to those documents for a complete and accurate recitation of their contents.

88.     Deny the allegation(s) set forth in paragraph 88 of the Third Amended Complaint, except admit that Deputy Warden Barnaby and Warden Rene made the decision to issue Memorandum of Charge No. 0320/21, and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents.

89.     Deny the allegation(s) set forth in paragraph 89 of the Third Amended Complaint and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents.

90.     Deny the allegation(s) set forth in paragraph 90 of the Third Amended Complaint.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation(s) set forth in paragraph 91 of the Third Amended Complaint.

92.     Deny the allegation(s) set forth in paragraph 92 of the Third Amended Complaint.

93.     Paragraph 93 of the Third Amended Complaint purports to contain a statement of law to which no response is required.

94.     Deny the allegation(s) set forth in paragraph 94 of the Third Amended Complaint, except deny knowledge or information sufficient to form a belief as to which command Plaintiff was assigned to on July 9, 2021.

95.     Deny the allegation(s) set forth in paragraph 95 of the Third Amended Complaint.

96.     Deny the allegation(s) set forth in paragraph 96 of the Third Amended Complaint and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents.

97.     Deny the allegation(s) set forth in paragraph 97 of the Third Amended Complaint.

98.     Admit the allegation(s) set forth in paragraph 98 of the Third Amended Complaint and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents.

99.     Admit the allegation(s) set forth in paragraph 99 of the Third Amended Complaint and respectfully refer the Court to the cited document for a complete and accurate recitation of its contents.

100.    Deny the allegation(s) set forth in paragraph 100 of the Third Amended Complaint.

101.    Deny the allegation(s) set forth in paragraph 101 of the Third Amended Complaint.

102.    Deny the allegation(s) set forth in paragraph 102 of the Third Amended Complaint.

103.    Deny the allegation(s) set forth in paragraph 103 of the Third Amended Complaint.

104.    Deny the allegation(s) set forth in paragraph 104 of the Third Amended Complaint.

105.    Deny the allegation(s) set forth in paragraph 105 of the Third Amended Complaint.

106.    Deny the allegation(s) set forth in paragraph 106 of the Third Amended Complaint, except deny knowledge or information sufficient to form a belief as to whether Plaintiff "felt frightened, offended, disturbed, threatened, and humiliated."

107.    Deny the allegation(s) set forth in paragraph 107 of the Third Amended Complaint.

108.    Deny the allegation(s) set forth in paragraph 108 of the Third Amended Complaint.

109.    Deny the allegation(s) set forth in paragraph 109 of the Third Amended Complaint.

110.    Deny the allegation(s) set forth in paragraph 110 of the Third Amended Complaint.

111.    Municipal Defendants reassert and reallege their responses to paragraphs 1 through 110 of the Third Amended Complaint as if fully set forth herein.

112.    Deny the allegation(s) set forth in paragraph 112 of the Third Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein, and respectfully refer the Court to the statute cited therein for its full and accurate content.

113.    Deny the allegation(s) set forth in paragraph 113 of the Third Amended Complaint.

114.    Deny the allegation(s) set forth in paragraph 114 of the Third Amended Complaint.

115.    Municipal Defendants reassert and reallege their responses to paragraphs 1 through 114 of the Third Amended Complaint as if fully set forth herein.

116.    Paragraph 116 of the Third Amended Complaint purports to contain a statement of law to which no response is required.  Municipal Defendants respectfully refer the Court to the statute cited therein for its full and accurate content.

117.    Deny the allegation(s) set forth in paragraph 117 of the Third Amended Complaint.

118.    Deny the allegation(s) set forth in paragraph 118 of the Third Amended Complaint.

119.    Deny the allegation(s) set forth in paragraph 119 of the Third Amended Complaint.

120.    Deny the allegation(s) set forth in paragraph 120 of the Third Amended Complaint.

121.    Deny the allegation(s) set forth in paragraph 121 of the Third Amended Complaint.

122.    Municipal Defendants reassert and reallege their responses to paragraphs 1 through 121 of the Third Amended Complaint as if fully set forth herein.

123.    Deny the allegation(s) set forth in paragraph 123 of the Third Amended Complaint.

124.    Deny the allegation(s) set forth in paragraph 124 of the Third Amended Complaint.

125.    Deny the allegation(s) set forth in paragraph 125 of the Third Amended Complaint.

126.    Deny the allegation(s) set forth in paragraph 126 of the Third Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

127.    Deny the allegation(s) set forth in paragraph 127 of the Third Amended Complaint.

128.    Deny the allegation(s) set forth in paragraph 128 of the Third Amended Complaint.

129.    Deny the allegation(s) set forth in paragraph 129 of the Third Amended Complaint.

130.    Deny the allegation(s) set forth in paragraph 130 of the Third Amended Complaint.

131.    Deny the allegation(s) set forth in paragraph 131 of the Third Amended Complaint.

132.    Municipal Defendants reassert and reallege their responses to paragraphs 1 through 131 of the Third Amended Complaint as if fully set forth herein.

133.    Paragraph 133 of the Third Amended Complaint purports to contain a statement of law to which no response is required.  Municipal Defendants respectfully refer the Court to the statute cited therein for its full and accurate content.

134.    Deny the allegation(s) set forth in paragraph 134 of the Third Amended Complaint.

135.    Deny the allegation(s) set forth in paragraph 135 of the Third Amended Complaint.

136.    Deny the allegation(s) set forth in paragraph 136 of the Third Amended Complaint.

137.    Municipal Defendants reassert and reallege their responses to paragraphs 1 through 136 of the Third Amended Complaint as if fully set forth herein.

138.    Paragraph 138 of the Third Amended Complaint purports to contain a statement of law to which no response is required.  Municipal Defendants respectfully refer the Court to the statute cited therein for its full and accurate content.

139.    Deny the allegation(s) set forth in paragraph 139 of the Third Amended Complaint.

140.    Deny the allegation(s) set forth in paragraph 140 of the Third Amended Complaint.

141.    Deny the allegation(s) set forth in paragraph 141 of the Third Amended Complaint.

142.    Municipal Defendants reassert and reallege their responses to paragraphs 1 through 141 of the Third Amended Complaint as if fully set forth herein.

143.     Paragraph 143 of the Third Amended Complaint purports to contain a statement of law to which no response is required.  Municipal Defendants respectfully refer the Court to the statute cited therein for its full and accurate content.

144.     Deny the allegation(s) set forth in paragraph 144 of the Third Amended Complaint.

145.     Deny the allegation(s) set forth in paragraph 145 of the Third Amended Complaint.

146.     Deny the allegation(s) set forth in paragraph 146 of the Third Amended Complaint.

147.     Municipal Defendants reassert and reallege their responses to paragraphs 1 through 146 of the Third Amended Complaint as if fully set forth herein.

148.     Paragraph 148 of the Third Amended Complaint purports to contain a statement of law to which no response is required.  Municipal Defendants respectfully refer the Court to the statute cited therein for its full and accurate content.

149.     Deny the allegation(s) set forth in paragraph 149 of the Third Amended Complaint.

150.     Deny the allegation(s) set forth in paragraph 150 of the Third Amended Complaint.

151.     Deny the allegation(s) set forth in paragraph 151 of the Third Amended Complaint.

152.     Municipal Defendants reassert and reallege their responses to paragraphs 1 through 151 of the Third Amended Complaint as if fully set forth herein.

153.     Paragraph 153 of the Third Amended Complaint purports to contain a statement of law to which no response is required.  Municipal Defendants respectfully refer the Court to the statute cited therein for its full and accurate content.

154.     Deny the allegation(s) set forth in paragraph 154 of the Third Amended Complaint.

155.     Deny the allegation(s) set forth in paragraph 155 of the Third Amended Complaint.

156.     Deny the allegation(s) set forth in paragraph 156 of the Third Amended Complaint.

157.     Municipal Defendants reassert and reallege their responses to paragraphs 1 through 156 of the Third Amended Complaint as if fully set forth herein.

158.     Paragraph 158 of the Third Amended Complaint purports to contain a statement of law to which no response is required.  Municipal Defendants respectfully refer the Court to the statute cited therein for its full and accurate content.

159.     Deny the allegation(s) set forth in paragraph 159 of the Third Amended Complaint.

160.     Deny the allegation(s) set forth in paragraph 160 of the Third Amended Complaint.

161.     Deny the allegation(s) set forth in paragraph 161 of the Third Amended Complaint.

162.     Municipal Defendants reassert and reallege their responses to paragraphs 1 through 161 of the Third Amended Complaint as if fully set forth herein.

163.     Paragraph 163 of the Third Amended Complaint purports to contain a statement of law to which no response is required.  Municipal Defendants respectfully refer the Court to the statute cited therein for its full and accurate content.

164.     Deny the allegation(s) set forth in paragraph 164 of the Third Amended Complaint.

165.     Deny the allegation(s) set forth in paragraph 165 of the Third Amended Complaint.

166.     Deny the allegation(s) set forth in paragraph 166 of the Third Amended Complaint.

167.     Municipal Defendants reassert and reallege their responses to paragraphs 1 through 166 of the Third Amended Complaint as if fully set forth herein.

168.     Deny the allegation(s) set forth in paragraph 168 of the Third Amended Complaint.

169.     Deny the allegation(s) set forth in paragraph 169 of the Third Amended Complaint.

170.     Deny the allegation(s) set forth in paragraph 170 of the Third Amended Complaint.

171.     Deny the allegation(s) set forth in paragraph 171 of the Third Amended Complaint.

172.     Deny the allegation(s) set forth in paragraph 172 of the Third Amended Complaint.

173.     Deny the allegation(s) set forth in paragraph 173 of the Third Amended Complaint.

174.     Deny the allegation(s) set forth in paragraph 174 of the Third Amended Complaint.

175.     Municipal Defendants reassert and reallege their responses to paragraphs 1 through 174 of the Third Amended Complaint as if fully set forth herein.

176.     Deny the allegation(s) set forth in paragraph 176 of the Third Amended Complaint.

177.     Deny the allegation(s) set forth in paragraph 177 of the Third Amended Complaint.

178.     Deny the allegation(s) set forth in paragraph 178 of the Third Amended Complaint.

179.     Municipal Defendants reassert and reallege their responses to paragraphs 1 through 178 of the Third Amended Complaint as if fully set forth herein.

180.     Deny the allegation(s) set forth in paragraph 180 of the Third Amended Complaint.

181.     Deny the allegation(s) set forth in paragraph 181 of the Third Amended Complaint.

182.     Deny the allegation(s) set forth in paragraph 182 of the Third Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

## AS AND FOR A FIRST DEFENSE

183.     The Third Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

184.     The Third Amended Complaint may be barred, in whole or in part, by the applicable statute(s) of limitations.

## AS AND FOR A THIRD DEFENSE

185.     The Third Amended Complaint may be barred, in whole or in part, by Plaintiff's failure to perform all conditions precent to suit, or to exhaust all contractual or administrative remedies, or both.

## AS AND FOR A FOURTH DEFENSE

186.    Municipal Defendants are shielded from suit, in whole or in part, by the doctrines of absolute immunity, qualified immunity, common law immunity, or any combination of these doctrines.

## AS AND FOR A FIFTH DEFENSE

187.    At all times relevant to the Third Amended Complaint, Municipal Defendants' actions were reasonable, proper, lawful, constitutional, and taken in good faith and without malice, in accord with the Constitution and all applicable laws, bylaws, rules, and regulations of the United States and the State and City of New York.

## AS AND FOR A SIXTH DEFENSE

188.    Municipal Defendants had legitimate, non-retaliatory, non-discriminatory businesses reasons for all actions taken concerning Plaintiff.  The actions taken would have been taken regardless of any alleged protected status or activity.

## AS AND FOR A SEVENTH DEFENSE

189.    Municipal Defendants exercised reasonable care to prevent and correct promptly any of the conduct about which Plaintiff complains, and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by the City to its employees or to otherwise avoid harm.

## AS AND FOR AN EIGHTH DEFENSE

190.    The City did not have knowledge of the alleged actions or inactions by individual employees of the City, nor was it reasonable for the City to have such knowledge.

## AS AND FOR A NINTH DEFENSE

191.    At all times relevant to the Third Amended Complaint, Municipal Defendants established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices by employees, and had a record of no, or relatively few, prior incidents of discriminatory conduct by such employees.

## AS AND FOR A TENTH DEFENSE

192.    To the extent that Plaintiff is claiming that Municipal Defendants failed to provide her with a reasonable accommodation, Plaintiff's proposed accommodation was unreasonable and would have imposed an undue hardship on the City.

## AS AND FOR AN ELEVENTH DEFENSE

193.    Upon information and belief, the damages set forth in the Third Amended Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## AS AND FOR A TWELFTH DEFENSE

194.    Any damages sustained by Plaintiff were caused by her own negligence or otherwise culpable conduct.

## AS AND FOR A THIRTEENTH DEFENSE

195.    The Third Amended Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## AS AND FOR A FOURTEENTH DEFENSE

196.    There is no liability under the New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York, where the conduct complained of consists of nothing more than what a reasonable victim of discrimination with the same protected characteristic(s) would consider petty slights or trivial inconveniences

**WHEREFORE,** Municipal Defendants respectfully requests that this Court enter an order

and judgment dismissing the Third Amended Complaint in its entirety, denying all relief requested,

entering judgment for Municipal Defendants, and granting Municipal Defendants costs, fees, and

expenses, together with such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             July 18, 2022

                              Respectfully Submitted,

                              **HON. SYLVIA O. HINDS-RADIX**
                              Corporation Counsel of the City of New York
                              *Attorney for Municipal Defendants*
                              100 Church Street, Room 2-109(a)
                              New York, New York 10007
                              (212) 356-0839
                              zellis@law.nyc.gov

                    By:    /s/
                           ZACHARY T. ELLIS
                           Assistant Corporation Counsel

To:          All Counsel of Record via CM/ECF

Case No. 1:21-CV-05980-FB-RLM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAULA HENRY,

Plaintiff,

-against-

THE CITY OF NEW YORK, CORRECTION
ASSISTANT COMMISSIONER AND E.E.O.
OFFICER KAMMAE OWENS, CORRECTION E.E.O.
ATTORNEY INVESTIGATOR GREG CHEUNG,
CORRECTION OFFICER CLEON WILEY,
CORRECTION OFFICER JOSHUA MOYE,
CORRECTION OFFICER MIGUEL JIMENEZ,
CORRECTION OFFICER OHLYNN WRIGHT,
CORRECTION DEPUTY WARDEN LISA
BARNABY, CORRECTION WARDEN JEAN RENE,
CORRECTION ADMINISTRATIVE CAPTAIN
RASHIDA SMITH, CORRECTION DEPUTY
COMMISSIONER SARENA TOWNSEND,
CORRECTION CAPTAIN TASHANA LINDSAY-
SMITH, CORRECTION CAPTAIN YVETTE WYNN,
CORRECTION CAPTAIN LATANYA PATILLO,
CORRECTION OFFICER CONROY MORGAN,
CORRECTION SUPERVISOR OF MECHANICS
BRIAN FAHY, and JOHN AND JANE DOES 1–8,

Defendants.

**ANSWER OF DEFENDANT CONROY MORGAN
TO PLAINTIFF'S THIRD AMENDED
COMPLAINT**

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
*Attorney for Municipal Defendants*
100 Church Street, Room 2-109(a)
New York, New York 10007

*Of Counsel:*
Zachary T. Ellis
Assistant Corporation Counsel
(212) 356-0839

| |
|---|
| zellis@law.nyc.gov |
| Law Dep't No. 2021-035814 |
| *Due and timely service is hereby admitted.* |
| *Dated: New York, N.Y.*        *, 2022* |
| *Signed* |
| *Attorney for* |