**JESSICA MASSIMI, ESQ.**
**ATTORNEY AT LAW**
99 Wall Street, Suite 1264
New York, NY 10005
Jessica.Massimi@gmail.com
646-241-9800

October 4, 2022

**BY ECF**
Honorable Roanne L. Mann
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201


    Re: **Paula Henry v. The City of New York, et al.,**
       **21 CV 5980 (FB)(RLM)**

Your Honor:

  I represent the Plaintiff, Paula Henry, in this civil rights case alleging gender discrimination and harassment resulting in multiple physical and emotional injuries. Plaintiff respectfully requests that the Court issue an Order compelling the Defendant City of New York ("City") to produce (1) three non-party witnesses for depositions: retired DOC Officer Wydia Gavin, and Officers Drake Atkins and C. Wallace; and (2) the addresses, phone numbers, and email addresses of all three witnesses (including Wydia Gavin, who no longer works for the City).

  As the Court is aware, the City produced the DOC EEO file related to Ms. Henry's 2017 and 2018 complaints of harassment and discrimination. Contained in the EEO file are statements that Gavin and Atkins submitted in support of Ms. Henry's 2017 and 2018 allegations of harassment and discrimination. While the City has not produced any statement from C. Wallace, the EEO file contains an email from Ms. Henry detailing a statement from C. Wallace. The City marked these three statements confidential, so Plaintiff is providing them to the Court under seal. The City refuses to produce these witnesses for depositions since the number of party depositions taken by Plaintiff will exceed ten. The parties previously met and conferred regarding this issue with no resolution. Plaintiff previously filed a motion seeking in part to compel these depositions which the Court denied without prejudice.

On May 26, 2022, I emailed ACC Mr. Ellis, counsel for the City, and said: "Wydia Gavin's statement at DOC 2411-2412 details the harassment from Ms. Henry's claims against Cleon Wiley. In what context was this statement provided/requested and to whom was it provided/who requested it? Is Gavin still employed by DOC? If so, please state whether you will agree to produce her for a deposition. If not, please provide her last known address, phone number, and email address."

On May 27, 2022, Mr. Ellis and I met and conferred on this issue by phone. During this meet and confer, Mr. Ellis told me that Wydia Gavin no longer works for DOC. I responded by telling Mr. Ellis that Plaintiff is entitled to Gavin's contact information. Mr. Ellis then said Ms. Gavin had been separated from DOC for some time but that he would let me know by the end of that week whether he had been able to contact Ms. Gavin. Mr. Ellis and I then discussed that if he were not able to contact Ms. Gavin, he would provide me with her last known address and phone number. Since she is a non-party and no longer works for DOC, Plaintiff is entitled to speak to Ms. Gavin without DOC present and DOC is required to produce her contact information. As a courtesy and compromise, however, I agreed to forego that requirement if Mr. Ellis agreed to produce her for a deposition.

On June 3, 2022, Mr. Ellis emailed me and stated: "I was able to contact Wydia Gavin and she has agreed to make herself available for a deposition if she is so noticed, provided that it is conducted remotely." Plaintiff relied on this representation from the City: In light of the City's representations that it would produce Ms. Gavin for a deposition Plaintiff did not demand – as Plaintiff was entitled to – that the City provide Ms. Gavin's address, telephone number, and email address.

Given the relevance of Ms. Gavin's knowledge, the City's prior commitment to produce Gavin for a deposition, Plaintiff's detrimental reliance on that representation, and the fact that the parties already met and conferred on this issue, Plaintiff now asks that the Court issue an Order compelling the City to produce Ms. Gavin for a deposition, and also compelling the City to provide Ms. Gavin's address, telephone number, and email address.

Additionally, on June 7, 2022, I emailed Mr. Ellis in response to his June 3rd email and told him "Plaintiff intends to depose Officers Wallace and Atkins as well. Can you please let me know whether they are still employed by DOC? If so, please let me know whether you will produce them for depositions, provide their mailing addresses and phone numbers, or accept deposition subpoenas on their behalf."

On June 27, 2022, Mr. Ellis having not responded to my June 7th email, I emailed Mr. Ellis and followed up regarding Wallace and Atkins and said "Has DOC informed you whether Wallace or Atkins are still employed by the DOC and, if not, whether it has any contact information for them, so that we can discuss deposing them in the same manner as

Gavin?"[1] On June 27, 2022, Mr. Ellis emailed me and said that Atkins and Wallace are still employed by DOC and raised no objection to Plaintiff deposing Wallace, Atkins, or Gavin.

On August 24, 2022, for the first time, the City objected to Plaintiff deposing Gavin, Atkins, and Wallace. That same day, Plaintiff filed a motion, in part, to compel the depositions of Gavin, Atkins, and Wallace. On August 25, 2022, the Court denied Plaintiff's motion without prejudice. Given that the case has not settled following the September 21st settlement conference, and the City has maintained its objection to these depositions, Plaintiff now renews her motion to depose these three non-party witnesses (and now also to obtain their contact information), given the relevance of their knowledge regarding Plaintiff's harassment and discrimination.

Plaintiff thanks the Court for its time and consideration.

Respectfully submitted,

*Jessica Massimi*
_____
Jessica Massimi

---

[1] I did not follow up sooner because, as defense counsel are aware, I gave birth to my second child on June 12th.